TUCKER, BURNS, YODER & HATFIELD
105 North Orchard Avenue
Farmington, New Mexico 87401
Phone: (505) 325-7755
Fax: (505) 325-6239
Christian A. Hatfield (CO 44136)
Christian@tbylaw.com
Attoneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | | |
|---|---|---|
| **FERNANDO LEONARD,** | ) | |
| **MOANA LEONARD (f/k/a MOANA SYLVESTER),** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| **EDWARD D. FITZHUGH, ESQ.** | ) | |
| **WILLIAM BABICH, ESQ.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

COME NOW the Plaintiffs, Fernando Leonard and Moana Leonard, by and through their

attorneys, Tucker, Burns, Yoder & Hatfield, and for their cause of action state as follows:

### PARTIES, JURISDICTION AND VENUE

1.     This is an action brought by Plaintiffs for legal malpractice (negligence) arising

from representation relating to a suit for personal injuries sustained on July 9, 2011, as the result

of a gas explosion on property located at 6837 Highway 140, in the City of Hesperus, County of

La Plata, State of Colorado (hereafter referred to at times as the "premises").

2.     Plaintiffs are a married couple residing in Kirtland, New Mexico.

3.     Defendant William Babich is an individual attorney licensed and practicing in the

State of Colorado.

4.      Defendant Edward Fitzhugh is an attorney licensed in and practicing in the State of Arizona; defendant Fitzhugh maintained to plaintiffs that he was representing them in the personal injury lawsuit filed in Denver and maintained to Defendant Babich that he would enter his appearance *pro hac vice* for trial in Denver.

5.      Jurisdiction is proper based on diversity of defendants, who are citizens of different states, and an amount in controversy over $75,000.00 pursuant to 28 U.S.C. § 1332 (a)(1).

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) as the events and omissions referenced herein occurred in Denver, Colorado and the underlying action at issue was filed in the Colorado state District Court in Denver, Colorado.

## PRELIMINARY FACTUAL ALLEGATIONS

7.      Plaintiffs, a married couple, were living in a rented house in Hesperus, Colorado.

8.      On July 9, 2011, a propane leak exploded, bringing the kitchen down on plaintiffs, who were sleeping below.

9.      As a result of the explosion, Plaintiff Fernando Leonard suffered injuries including but not limited to second and third degree burns to approximately 25% of his body, which injuries have and will continue to result in medical and rehabilitation expenses; loss of earnings and/or impairment of earning capacity; loss of household services; loss of time and inconvenience; physical pain and mental suffering; loss of quality and enjoyment of life; and permanent physical impairment and disfigurement.

10.     As a result of the gas explosion, Plaintiff Moana Leonard suffered injuries, including but not limited to burns, which injuries have and will continue to result in medical and rehabilitation expenses; loss of household services; loss of time and inconvenience; physical pain and mental suffering; loss of quality and enjoyment of life; permanent physical disfigurement and loss of consortium.

11.     Plaintiffs retained the services of Defendant Edward Fitzhugh in Arizona to seek compensation for their injuries in a state tort claim action.

12.     Defendant Fitzhugh affiliated with Denver attorney Defendant William Babich as local counsel for purposes of representing the Leonards.

13.     Fitzhugh and Babich retained various experts to attempt to determine the cause of the explosion and who was at fault.

14.     Fitzhugh and Babich filed suit on behalf of plaintiffs against the Leonard's landlord and Amerigas, alleging that one or both were responsible for the explosion (Colorado District Court Case Number: 13CV31617).

15.     The landlord and Amerigas also retained experts who disclosed to Fitzhugh and Babich that the original faulty installation that led to the explosion was the fault of the original installer, who predated the landlord and was not named as a defendant.

16.     After numerous attempts by defendant Babich to persuade defendant Fitzhugh to enter his appearance *pro hac vice* (as Fitzhugh represented he would do) and to enlist Fitzhugh's help in preparing for trial of the case in 2014, defendant Babich withdrew from representation of the plaintiffs in November 2013.

17.     The stated basis of the withdrawal included representation that

Prior to the filing of the above-captioned action, Plaintiffs had entered into a

3

fee agreement with Arizona counsel, who contacted Movants, requested that they serve as local co-counsel, and entered into a written co-counsel agreement with Movants. A condition of this co-counsel agreement requires that the Arizona counsel seek admission *pro hac vice* in Colorado, handle discovery and depositions, and advance all costs. Plaintiffs acknowledged, by signature, this written agreement between Movants and their Arizona counsel.

. . . Plaintiffs' Arizona counsel has failed: to execute and return documents necessary for his admission *pro hac vice* to practice in this Court; to return calls and emails; to advance necessary costs on behalf of Plaintiffs; and to otherwise comply with the terms of his co-counsel agreement with Movants.

18.     The plaintiffs' original case proceeded to pretrial conference where plaintiffs, acting under the assumption that defendants had done everything necessary to pursue their case in accordance with their retention of defendant Fitzhugh, went unrepresented.

19.     Fitzhugh was provided a copy of the motion to withdraw, but continued to take no action on behalf of plaintiffs, other than to maintain that he continued to represent them.

20.     Based on the disclosure and other procedural violations, the state district judge held at pretrial conference that no further continuances of the April 2014 trial would be granted and all witnesses and exhibits not disclosed within one week would be excluded at trial.

21.     More than a week passed without disclosures, precluding plaintiffs from introducing any exhibits or witnesses at trial.

22.     Plaintiffs were then deposed by the original defendants' counsel, at which deposition it became clear that no liability could be established in Amerigas, who settled with plaintiffs for $5,000 in exchange for dismissal of claims against Amerigas.

23.     Up to and including the date of depositions, one month before the scheduled trial date, defendant Fitzhugh was in telephonic contact with the Leonards, maintaining to them that he continued to represent them.

4

24.     At the same depositions, the landlord's counsel agreed not to seek attorneys' fees and costs from plaintiffs if they dismissed their claims against the landlord, which plaintiffs did.

25.     Expert reports asserting zero liability in the two defendants named in the original suit appear to have been largely ignored.

26.     Expert reports of experts retained by plaintiffs, including those of ISI Investigations and Sidhi Consultants, which might have established some liability in the named defendatns, were excluded from trial.

27.     Correspondence to defendants' counsel requesting that they put their malpractice insurance carriers on notice of plaintiffs' claims yielded no responses.

### FIRST CLAIM FOR RELIEF
(Negligence – Defendant Fitzhugh)

28.     Plaintiffs repeat and incorporate by reference the Preliminary Allegations and preceding paragraphs as if set forth herein.

29.     At all times relevant hereto, Defendant Fitzhugh had a duty to represent plaintiffs using the ordinary care and skill of an attorney, consistent with the rules of professional responsibility.

30.     At all times relevant hereto, Defendant Fitzhugh had a duty to ensure that representation of the plaintiffs continue up to and including final resolution of the plaintiffs' case or successor counsel's substitution.

31.     At all times relevant hereto, Defendant Fitzhugh had a duty to ensure that he was affiliated with an attorney duly licensed to practice in the state of Colorado and familiar with Colorado rules and procedure.

32.     At all times relevant hereto, Defendant Fitzhugh had a duty to ensure that plaintiffs would not proceed to court hearings without counsel present.

33.     At all times relevant hereto, Defendant Fitzhugh had a duty to ensure that evidence necessary to presentation of their case was collected, disclosed, and not excluded from trial due to failure to abide by procedural rules.

34.     Defendant Fitzhugh breached the aforesaid duties by failing to exercise the ordinary skill and care of an attorney, failing to submit the necessary documentation to become admitted *pro hac vice* in the Colorado case, failing to cooperate with local counsel, failing to appear, investigate, disclose evidence and witnesses to opposing counsel, failing to appear at the final pretrial conference and otherwise failing to represent plaintiffs while maintaining to plaintiffs and others that he was their attorney.

35.     As a direct and proximate result of Defendant Fitzhugh's negligence, plaintiffs' direct tort case against defendants who may have been responsible or partly responsible for their injuries was dismissed.

36.     As a direct and proximate result of Defendant Fitzhugh's negligence, plaintiffs suffered damages in an amount not less than $130,000.00 in medical bills and other damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
(Negligence – Defendant Babich)

37.     Plaintiffs repeat and incorporate by reference the Preliminary Allegations and preceding paragraphs as if set forth fully herein.

38.     At all times relevant hereto, Defendant Babich had a duty to represent plaintiffs in their tort case with the ordinary care and skill of an attorney consistent with the rules of professional responsibility.

39.     At all times relevant hereto, Defendant Babich had a duty to ensure to inform plaintiffs of any lack of cooperation by co-defendant Fitzhugh and the ramifications for continued representation of plaintiffs.

40.     At all times relevant hereto, Defendant Babich had a duty to ensure that he did not withdraw as counsel prior to a critical stage of the proceedings without fully informing plaintiffs and ensuring plaintiffs understood the ramifications of attempting to proceed without counsel, or to proceed with absentee counsel Fitzhugh who was not adequately representing them.

41.     At all times relevant hereto, Defendant Babich had a duty to ensure that plaintiffs were aware of the need to secure successor counsel to proceed in litigation following his motion to withdraw as counsel.

42.     Defendant Babich breached the above duties by withdrawing as counsel and leaving plaintiffs with no representation in the belief that they were still represented by Defendant Fitzhugh.

43.     As a direct and proximate result of Defendant Babich's negligence, plaintiffs' direct tort case against defendants who may have been responsible or partly responsible for their injuries was dismissed.

44.     As a direct and proximate result of Defendant Fitzhugh's negligence, plaintiffs suffered damages in an amount not less than $130,000.00 in medical bills and other damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
(Unfair or Deceptive business Practices-Defendant Fitzhugh)

45.     Plaintiffs repeat and incorporate by reference the Preliminary Allegations and preceding paragraphs as if set forth herein.

46.     Defendant Fitzhugh engaged in unfair or deceptive business practices in violation of C.R.S. § 6-1-105 by maintaining to plaintiffs that he continued to represent them up to and including the eve of trial in their tort case, while knowing that he had never been admitted to practice *pro hac vice* in Colorado, knowing that attorney Babich had withdrawn from their case, and maintaining that he was their lawyer to plaintiffs and others.

47.     As a direct and proximate result of Defendant Fitzhugh's unfair or deceptive business practices, plaintiffs suffered damages in an amount not less than $130,000.00 in medical bills and other damages in an amount to be proven at trial.

////

////

////

////

////

////

////

////

////

////

WHEREFORE, Plaintiffs request the Court to enter judgment in their favor and against the Defendants in an amount to be determined by the trier of fact, together with costs, pre-judgment interest, post-judgment interest, attorneys' fees as allowed by law and such other relief as the Court may deem just and proper in the circumstances.

### **PLAINTIFFS REQUEST A TRIAL BY JURY ON ALL TRIABLE ISSUES**

Respectfully submitted this 18th day of August, 2014.

Respectfully submitted,
TUCKER, BURNS, YODER & HATFIELD

Christian A. Hatfield
Attorney for Plaintiffs
105 North Orchard Ave.
Farmington, New Mexico 87401
(505) 325-7755 / (505) 325-6239 fax
Christian@tbylaw.com

## **VERIFICATION**

STATE OF NEW MEXICO ) 
                            ) ss. 
COUNTY OF SAN JUAN   )

     MOANA LEONARD, being first duly sworn upon oath, deposes and states: That he is the plaintiff herein; that he has, know and understand the contents of the foregoing pleading; that, to the best of their information and belief, all statements contained therein are true and correct.

                                   *Moana M. Leonard*
                                   MOANA LEONARD

     SUBSCRIBED AND SWORN to before me this 18th day of July,

20 14, in Farmington, San Juan County, New Mexico.

                                    _____
                                    Notary Public

My Commission Expires:

10-31-2017



## **VERIFICATION**

STATE OF NEW MEXICO  )
                                       ) ss.
COUNTY OF SAN JUAN    )

        FERNANDO LEONARD, being first duly sworn upon oath, deposes and states: That he is the plaintiff herein; that he has, know and understand the contents of the foregoing pleading; that, to the best of their information and belief, all statements contained therein are true and correct.

FERNANDO LEONARD

        SUBSCRIBED AND SWORN to before me this _18th_ day of ___July___, 20_14_, in Farmington, San Juan County, New Mexico.

Notary Public

My Commission Expires:

_10-31-2017_

